**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN KIMBLE, | ) | Case No. 3:26-cv-1969 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| RYAN WALTERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner Jonathan Kimble seeks a writ of habeas corpus, advancing three grounds for relief. (ECF No. 1, PageID #5–6.) As a threshold matter, Petitioner filed an application to proceed *in forma pauperis*. (ECF No. 2.) Based on review of that motion, the Court **GRANTS** that application.

Although Mr. Kimble represents that he has exhausted his remedies on these claims in the State courts (*id.*), his petition shows that his post-conviction petition remains pending (*id.*, PageID #7–10). Because the petition contains both exhausted claims and claims that are unexhausted because post-conviction proceedings in the State courts remain ongoing, it is a "mixed petition." Accordingly, Petitioner moves to stay pending exhausting in the State courts. (ECF No. 3.)

Exhausting State claims before proceeding to federal habeas review requires complete exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Formerly, failure to exhaust required dismissal of a habeas petition to afford the petitioner the opportunity to exhaust all claims in State court before seeking federal habeas relief.

*Id.* But enactment of the Antiterrorism and Effective Death Penalty Act of 1996 created a problem with this procedure. The Act contains a one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), which creates some obvious dilemmas for petitioners seeking habeas relief while continuing to pursue remedies in State court. As a result, the Supreme Court has recognized that district courts have discretion to stay consideration of a habeas petition and hold it in abeyance pending exhaustion of claims in State court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Although the Antiterrorism and Effective Death Penalty Act did not divest district courts of the power to stay and abey, the Supreme Court admonishes that such a step must be taken "only in limited circumstances." *Id.* at 277. A district court would abuse its discretion by staying and abeying an action where the unexhausted claims "are plainly meritless." *Id.* Moreover, the procedure is only available where the district court determines good cause excuses the failure to exhaust. *Id.* Nor should a stay issue where a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 278. Under the law of this Circuit, a claim with at least a colorable basis is not plainly meritless. *See Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017).

Based on review of the record at this early stage of the proceedings, the Court cannot say that Petitioner presents and seeks to exhaust claims that do not have a colorable basis. Therefore, the Court **GRANTS** the motion for a stay and holds this matter in abeyance pending exhaustion of Petitioner's claims in State court. The

Court **ORDERS** Petitioner to notify the Court within 60 days of complete exhaustion of his claims.

**SO ORDERED.**

Dated: August 27, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio